FILED
March 02, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Juan Pablo Herrera Cordoba,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 1:26-CV-00238-ADA-SH |
| | § | |
| **PAMELA BONDI, in her official capacity as United States Attorney General; et al.,** | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Juan Pablo Herrera Cordoba's ("Petitioner") Petition for Writ of Habeas Corpus under 26 U.S.C. § 2241, filed on January 31, 2026. Dkt. No. 1. Petitioner filed an Amended Petition on February 2, 2026, in response to the Court's deficiency notice requiring separate filings for injunctive relief. Dkt. No. 4. On February 3, 2026, this Court ordered the Federal Respondents to show cause as to why the petition should not be granted. Dkt. No. 5. Respondents filed their response on February 6, 2026. Dkt. No. 6. Petitioner did not file a subsequent reply. The Court has considered the parties' arguments, the applicable law, and the relevant facts, the Court finds Petitioner's Petition for Writ of Habeas Corpus should be denied.

### I. BACKGROUND

Petitioner is detained at the T. Don Hutto Detention Center. Dkt. No. 4 ¶ 1. Petitioner was detained by a Texas State Trooper in a traffic stop on January 5, 2026, then taken by U.S. Immigration and Customs Enforcement ("ICE") to the T. Don Hutto Detention Center. *Id.* ¶ 2. Petitioner is a citizen of Mexico who has resided in the United States since 2009. *Id.* ¶ 28.

## II.  DISCUSSION

Petitioner argues that his detention pursuant to 8 U.S.C. § 1225 and the Board of Immigration Appeal's (BIA) decision in *Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025)*, is unlawful. Petitioner argues that he is eligible for discretionary release on bond during removal proceedings because 8 U.S.C. § 1226(a) applies in this case. Respondents argue that Petitioner is properly detained subject to § 1225. Respondents' brief was filed on the same day that the Fifth Circuit rejected Petitioner's argument in *Buenrostro-Mendez v. Bondi*, which is binding precedent on this Court. *See* No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026)).

The Court finds it is bound by the Fifth Circuit's recent decision in *Buenrostro-Mendez* and that Petitioner is lawfully detained under § 1225 rather than § 1226. The Fifth Circuit found the government's interpretation and application of the relevant statutes is correct. *See Buenrostro-Mendez*, at *1. Therefore, the Fifth Circuit held that the petitioners in *Buenrostro-Mendez* were lawfully detained under § 1225 and denied bond hearings or release. *See id.*

In *Buenrostro-Mendez*, the Fifth Circuit held that the Immigration and Nationality Act's ("INA") mandatory detention provision in § 1225(b)(2) "operates as a catchall provision that applies to all applicants for admission not covered by INA provision governing detention of noncitizens seeking asylum." *Id.* at *2. The *Buenrostro-Mendez* court explained that § 1225(b)(2) "does not include any exception that permits the government to release detained aliens on bond." *Id.* The *Buenrostro-Mendez* court ultimately concluded that the INA's mandatory detention provision applied to "applicants for admission"—which covered the petitioners who had entered the US illegally several decades before being detained and having immigration proceedings commenced. *Id.* This Court follows the Fifth Circuit's interpretation and application of the relevant statutes.

Petitioner raises a due process claim to argue his detention is unlawful. *See* Dkt. No. 4 ¶¶ 41-43; 63-71. Petitioner cites *Zadvydas v. Davis* to support his due process argument. *See id.* ¶ 66. (citing 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001)). The Fifth Circuit in *Buenrostro-Mendez* found that *Zadyvdas* "has no direct application to aliens who are detained and being given due process during removal proceedings." *Buenrostro-Mendez*, at *9. Therefore, the Fifth Circuit was not swayed by petitioners' claims of potential abuse of detention pending removal proceedings under § 1225(b)(2)(A). *Id.*

The Court agrees finds that Petitioner's constitutional arguments fail—under either a procedural or substantive due process theory. The Supreme Court recognizes a "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings[.]" *Demore v. Kim*, 538 U.S. 510, 526 (2003) 538 U.S. 510, 526, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003). Substantive due process protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.' " *Dep't of State v. Muñoz*, 602 U.S. 899, 910, 144 S.Ct. 1812, 219 L.Ed.2d 507 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)). The Court is not persuaded that substantive due process requires a bond hearing for Petitioner. Further, the Court agrees with Respondents that procedural due process does not entitle Petitioner to a bond hearing. As an "applicant for admission," Petitioner has "only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 S. Ct. 1959, 207 L. Ed. 2d 427 (2020)).

### III.   CONCLUSION

The Court therefore finds that Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 4) should be **DENIED.** All other relief sought is hereby denied.

**SIGNED** on March 2, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE